﻿Citation Nr: 19172655
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 14-12 732
DATE: September 18, 2019

ORDER

Service connection for sinusitis is denied.

FINDING OF FACT

The Veteran’s sinusitis was not caused by service.

CONCLUSION OF LAW

The criteria to establish entitlement to service connection for sinusitis have not been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303(d) (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Air Force from January 1969 to February 1969. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2011 rating decision of the Houston, Texas Regional Office (RO).

In June 2016, the Veteran was afforded a hearing before the undersigned Veterans Law Judge (VLJ) sitting at the RO. During the hearing, the VLJ engaged in a colloquy with the Veteran toward substantiation of the claim. Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). A hearing transcript is in the record.

In January 2018, the Board remanded the appeal to the RO for additional action. There was substantial compliance with the Board’s remand directives. See Stegall v. West, 11 Vet. App. 268 (1998).

Service Connection

Service connection may be granted for a current disability arising from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110 (2012). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2018). Service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of an in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Sinusitis

The Veteran asserted that his sinusitis was caused by the administration of in-service immunization shots.

In a February 1969 military personnel record titled “Immunization Testing,” several illegible notations appear next to the typhus, yellow fever and influenza vaccinations and it was not apparent that the Veteran was administered any vaccinations. However, the Veteran has consistently indicated having received vaccinations during service. As vaccination is to be expected for the new enlistee, the Board will assume the credibility of the Veteran’s account. 38 U.S.C.A. § 1154(a) (due consideration shall be given to the places, types, and circumstances of such Veteran’s service as shown by such Veteran’s service record, the official history of each organization in which such Veteran served, such Veteran’s medical records, and all pertinent medical and lay evidence). 

In a February 1969 service treatment record (STR), the Veteran reported experiencing nausea, abdominal pain and hives after having been exposed to eggs. The Veteran was diagnosed with an “egg allergy precluding administration of yellow fever, typhus and influenza vaccinations.” The service medical examiner indicated that the Veteran could not receive the required immunizations and recommended that the Veteran be medically discharged. 

In a February 1969 service medical board report, it was indicated that the Veteran’s in-service underlying diagnosis was a chronic condition which may be progressive and made the Veteran a poor risk for continued service. The Veteran’s medical discharge was subsequently approved.

In an April 2011 VA treatment record, the Veteran reported experiencing sinus drainage. He was diagnosed with acute sinusitis. VA treatment records dated July 2013 and November 2013 reflect the Veteran’s diagnosis of sinusitis. A December 2013 VA maxillofacial radiograph revealed minimal mucosal thickening in the maxillary sinuses.

In a January 2014 VA treatment record, the Veteran reported experiencing sinus pain. He was diagnosed with acute sinusitis. 

In the June 2016 Board hearing, the Veteran testified to having been administered vaccinations during service and he asserted that the shots caused his sinusitis. 

The Veteran is competent to report having received in-service vaccinations and his observable symptoms; however, he is not competent, as a lay person, to provide a medical opinion pertaining to the cause of his sinusitis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

In a June 2016 letter, the Veteran’s private provider indicated that the Veteran was not allergic to eggs. However, there was no medical opinion as to whether the Veteran’s in-service vaccinations caused his sinusitis.

In June 2018, the Veteran was afforded a VA examination. The Veteran reported having received in-service vaccinations that caused an allergic reaction manifested as facial swelling. The Veteran was diagnosed with chronic sinusitis. The VA examiner opined that the Veteran’s sinusitis was not caused by the in-service vaccinations because the Veteran’s sinusitis was acute and such vaccinations do not normally cause chronic conditions. 

In private treatment records dated December 2018 and January 2019, the Veteran reported experiencing a sinus infection. He was diagnosed with acute non-recurrent sinusitis. No medical opinion was provided.

A preponderance of the evidence is against a finding that the Veteran’s sinusitis was caused by the administration of in-service vaccinations. The Veteran is not competent to provide a medical opinion pertaining to the cause of his sinusitis. The June 2018 VA examiner opined that the Veteran’s sinusitis was not caused by service. Significantly, no competent medical provider has opined that the Veteran’s sinusitis was caused by service. Therefore, service connection is not warranted and the claim is denied. 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Cohen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.